United States District Court
Southern District of Texas
FILED

AUG 1 5 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. **M-16-1164** |
| DANIEL PEREZ, | § § | |
| Defendant. | § § | |

## INFORMATION

The United States charges that at all times material to this Information (unless otherwise specified):

### General Allegations

1. The Foreign Corrupt Practices Act of 1977 ("FCPA"), as amended, Title 15, United States Code, Sections 78dd-1, *et seq.*, was enacted by Congress for the purpose of, among other things, making it unlawful to act corruptly in furtherance of an offer, promise, authorization, or payment of money or anything of value, directly or indirectly, to a foreign official for the purpose of obtaining or retaining business for, or directing business to, any person.

2. "The Foreign State Government" was the government of one of the thirty-one states that comprise Mexico. The Foreign State Government was a "foreign government," and an "agency" and "department" of a foreign government, as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2).

3. "Foreign Official 1" was an employee of The Foreign State Government with responsibility for maintaining The Foreign State Government's aircraft from at least in or around 2005 to in or around December 2010. Thus, from at least in or around 2005 to in or around

December 2010, Foreign Official 1 was a "foreign official," as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2).

4. "Foreign Official 2" was an employee of The Foreign State Government with responsibility for maintaining The Foreign State Government's aircraft from in or around January 2011 through at least in or around July 2016. Thus, from at least in or around January 2011 through at least in or around July 2016, Foreign Official 2 was a "foreign official," as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2).

5. "Aviation Corporation A" was a United States company, headquartered in Texas, which provided maintenance, repair, overhaul, and related services to customers in the United States and Mexico, including to The Foreign State Government and instrumentalities of The Foreign State Government. Thus, at all relevant times, Aviation Corporation A was a "domestic concern," as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

6. The defendant, **DANIEL PEREZ** ("defendant **PEREZ**") was a citizen of the United States and a resident of Texas. Defendant **PEREZ** was the Director of Maintenance of Aviation Corporation A from in or around 1978 through at least in or around July 2016. Defendant **PEREZ** was an owner of Aviation Corporation A from in or around 1993 through in or around 2010. Thus, at all relevant times, defendant **PEREZ** was a "domestic concern" and an officer, employee, and agent of a "domestic concern," as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

7. Kamta Ramnarine ("Ramnarine") was a citizen of the United States and resident of Texas. Ramnarine was an employee of Aviation Corporation A from in or around 1975 to at least in or around July 2016. Ramnarine was the President of Aviation Corporation A from in or around 1993 to in or around 2010, and Ramnarine was the General Manager of Aviation

Corporation A from in or around 2010 through at least in or around July 2016. Ramnarine was an owner of Aviation Corporation A from in or around 1993 through in or around 2010. Thus, at all relevant times, Ramnarine was a "domestic concern" and an officer, employee, and agent of a "domestic concern," as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

<u>COUNT 1</u>
**Conspiracy to violate the FCPA**
**(18 U.S.C. § 371)**

8. From in or around 2007 through in or around April 2015, the exact dates being unknown, in the Southern District of Texas, and elsewhere, the defendant,

**DANIEL PEREZ,**

did knowingly and willfully conspire, confederate and agree with Ramnarine and others, known and unknown, to commit offenses against the United States, that is, to willfully make use of the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value, to a foreign official, and to a person, while knowing that all or a portion of such money and thing of value would be and had been offered, given, and promised to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use his or her influence with a foreign government and agencies and instrumentalities thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, in order to assist defendant **PEREZ**, Ramnarine, and others in obtaining and retaining business for and with, and directing

3

business to, Aviation Corporation A, in violation of Title 15, United States Code, Section 78dd-2.

### Purpose of the Conspiracy

9. It was a purpose of the conspiracy for defendant **PEREZ** and his co-conspirators to obtain and retain business for Aviation Corporation A from The Foreign State Government and instrumentalities of The Foreign State Government by paying bribes to foreign officials, including Foreign Official 1 and Foreign Official 2.

### Manner and Means of the Conspiracy

10. The manner and means by which defendant **PEREZ** and his co-conspirators sought to accomplish the purpose and object of the conspiracy included, among other things, in the Southern District of Texas and elsewhere, the following:

11. Defendant **PEREZ**, Ramnarine, and others discussed in person, and through other means, making the bribe payments – which they sometimes called "commissions" – to foreign officials (the "Foreign Officials"), including Foreign Official 1 and Foreign Official 2, in order to obtain and retain business with The Foreign State Government and instrumentalities of The Foreign State Government.

12. Defendant **PEREZ** and others agreed to pay, promised to pay, and authorized the payment of money to, and for the benefit of the Foreign Officials to help Aviation Corporation A obtain and retain business with The Foreign State Government and instrumentalities of The Foreign State Government.

13. Defendant **PEREZ** and others communicated with the Foreign Officials about the bribes, including the manner in which they would be paid.

14. Defendant **PEREZ** and others deposited bribe payments into bank accounts controlled by Foreign Official 1 and Foreign Official 2 in Texas.

15. Defendant **PEREZ**, Ramnarine, the Foreign Officials, and others took steps to conceal the bribe scheme, including by hiding the amount of the bribe payments in invoices sent to The Foreign State Government and instrumentalities of The Foreign State Government.

### Overt Acts

16. In furtherance of the conspiracy, and to accomplish its object and purpose, the conspirators committed, and caused to be committed, in the Southern District of Texas and elsewhere, the following overt acts, among others:

   a. On or about March 13, 2007, defendant **PEREZ**, Ramnarine, and others caused Aviation Corporation A to make a corrupt payment to Foreign Official 1 in the amount of approximately $140,000 from Aviation Corporation A's bank account in Texas that was deposited into Foreign Official 1's bank account in Texas.

   b. On or about October 29, 2008, defendant **PEREZ**, Ramnarine, and others caused Aviation Corporation A to make a corrupt payment to Foreign Official 1 in the amount of approximately $55,000 from Aviation Corporation A's bank account in Texas that was deposited into Foreign Official 1's bank account in Texas.

   c. On or about July 20, 2009, defendant **PEREZ**, Ramnarine, and others caused Aviation Corporation A to make a corrupt payment to Foreign Official 1 in the amount of approximately $45,000 from Aviation Corporation A's bank account in Texas that was deposited into Foreign Official 1's bank account in Texas.

   d. On or about December 22, 2010, defendant **PEREZ**, Ramnarine, and others caused Aviation Corporation A to make a corrupt payment to Foreign Official 1 in the

amount of approximately $35,000 from Aviation Corporation A's bank account in Texas that was deposited into Foreign Official 1's bank account in Texas.

   e. On or about May 30, 2012, defendant **PEREZ**, Ramnarine, and others caused Aviation Corporation A to make a corrupt payment to Foreign Official 2 in the amount of approximately $2,240 from Aviation Corporation A's bank account in Texas that was deposited into Foreign Official 2's bank account in Texas.

   f. On or about June 10, 2013, defendant **PEREZ**, Ramnarine, and others caused Aviation Corporation A to make a corrupt payment to Foreign Official 2 in the amount of approximately $2,347 from Aviation Corporation A's bank account in Texas that was deposited into Foreign Official 2's bank account in Texas.

   All in violation of Title 18, United States Code, Section 371.

| | |
|---|---|
| ANDREW WEISSMANN<br>CHIEF, FRAUD SECTION | KENNETH MAGIDSON<br>UNITED STATES ATTORNEY |
| */s/ for*<br>Christopher Cestaro<br>Kevin Gingras<br>Trial Attorneys<br>Fraud Section, Criminal Division<br>U.S. Department of Justice<br>1400 New York Avenue, N.W.<br>Washington, D.C. 20005<br>Tel.: (202) 353-0726 | */s/*<br>Jesse Salazar<br>Assistant United States Attorney<br>Southern District of Texas<br>Tel.: (956) 992-9424 |