United States District Court
Southern District of Texas
FILED

NOV 0 2 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. M-16-1164-01 |
| DANIEL PEREZ | § § | **UNDER SEAL** |
| | § § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Jesse Salazar, Assistant United States Attorney, and Andrew Weissmann, Chief of the Fraud Section of the Criminal Division of the United States Department of Justice ("Fraud Section"), and Christopher Cestaro and Kevin R. Gingras, Trial Attorneys, Fraud Section, and Defendant, Daniel Perez ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the Information. Count One charges Defendant with conspiracy to violate the Foreign Corrupt Practices Act, Title 15 United States Code, Section 78dd-2 ("FCPA"), in violation of Title 18, United States Code, Section 371. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in an Indictment or proven to a jury or judge beyond a reasonable doubt.

**Punishment Range**

2. The statutory maximum penalty for a violation of Title 18, United States Code, Section 371, is a term of imprisonment of not more than five years and a fine of not more than $250,000 or twice the pecuniary gain or loss from the crime. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years. *See* Title 18, United States Code, Sections 3571(b)(3), 3571(d), and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Section 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.

**Immigration Consequences**

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Cooperation

5. The parties understand this Agreement carries the potential for a motion for departure under Section 5K1.1 of the United States Sentencing Guidelines ("Sentencing Guidelines"). Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas and the Fraud Section. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, and fully cooperate with the United States. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that the usage "fully cooperate," as used herein, includes providing all information relating to any criminal activity known to Defendant, including, but not limited to, violations of the FCPA. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

   (a) Defendant agrees that this Plea Agreement binds only the United States Attorney for the Southern District of Texas, and the United States Department of Justice, Criminal Division, Fraud Section, and Defendant, and that it does not bind any other United States Attorney or other component or unit of the Department of Justice;

   (b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this Agreement;

   (c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

   (d) Defendant agrees to provide truthful, complete, and accurate information

        and testimony and understands any false statements made by Defendant to the grand jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f) Should the recommended departure, <u>if any</u>, not meet Defendant's expectations, Defendant understands he remains bound by the terms of this Agreement and that he cannot, for that reason alone, withdraw his plea.

### The United States' Agreements

7. The United States agrees to each of the following:

(a) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two-level downward adjustment under Section 3E1.1(a) of the Sentencing Guidelines should Defendant accept responsibility as contemplated by the Sentencing Guidelines; and

(b) If Defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a) and Defendant's offense level is 16 or greater, the United States may move for an additional one-level downward adjustment based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense.

### Agreement Binding Only Southern District of Texas and U.S. Department of Justice, Criminal Division, Fraud Section

8. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Information. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas; the United States Department of Justice, Criminal Division, Fraud Section; and Defendant. It does not bind any other United States Attorney or any other component or unit of the Department of Justice. The United States will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices if requested.

**United States' Non-Waiver of Appeal**

9.  The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right to:

  (a) Bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

  (b) Set forth or dispute sentencing factors or facts material to sentencing;

  (c) Seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

  (d) File a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, United States Code, Section 3553(a); and

  (e) Appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

10. Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that he may have received from his counsel, the United States, or the Probation Office, is a prediction, not a promise, and such estimate **did not induce his guilty plea** and is binding on neither the United States, the Probation Office, nor the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant further understands and agrees that the Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant

within the calculated guideline range. Defendant acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court, and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

## Waiver of Rights

11. Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, he surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights include the following:

    (a)    Defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

    (b)    If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

    (c)    At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-

   examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(d)  At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

12.  Defendant is pleading guilty because he <u>is</u> guilty of the charges contained in Count One of the Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

"The Foreign State Government" was the government of one of the thirty-one states that comprise Mexico.

"Foreign Official 1" was an employee of The Foreign State Government with responsibility for maintaining The Foreign State Government's aircraft from at least in or around 2005 to in or around December 2010.

"Foreign Official 2" was an employee of The Foreign State Government with responsibility for maintaining The Foreign State Government's aircraft from in or around January 2011 through at least in or around July 2016.

"Aviation Corporation A" was a United States company, headquartered in Texas, which provided maintenance, repair, overhaul, and related services to customers in the United States and Mexico, including to The Foreign State Government.

**DANIEL PEREZ** ("**PEREZ**") was a citizen of the United States and a resident of Texas. **PEREZ** was the Director of Maintenance of Aviation Corporation A from in or around 1978

through at least in or around July 2016. **PEREZ** was an owner of Aviation Corporation A from in or around 1993 through in or around 2010.

Kamta Ramnarine ("Ramnarine") was a citizen of the United States and resident of Texas. Ramnarine was an employee of Aviation Corporation A from in or around 1975 to at least in or around July 2016. Ramnarine was the President of Aviation Corporation A from in or around 1993 to in or around 2010, and Ramnarine was the General Manager of Aviation Corporation A from in or around 2010 through at least in or around July 2016. Ramnarine was an owner of Aviation Corporation A from in or around 1993 through in or around 2010.

Between in or around 2007 and in or around April 2015, **PEREZ**, Ramnarine, and others knowingly, willfully, and corruptly agreed to make payments, and caused Aviation Corporation A to make payments, to employees of The Foreign State Government and instrumentalities of The Foreign State Government, including Foreign Official 1 and Foreign Official 2, (collectively the "Foreign Officials"), to influence the Foreign Officials in their official capacity and to secure an improper advantage for Aviation Corporation A in order to assist Aviation Corporation A in obtaining and retaining business with The Foreign State Government and instrumentalities of The Foreign State Government.

In furtherance of the bribe scheme, **PEREZ**, Ramnarine, and others caused Aviation Corporation A to make corrupt payments to the Foreign Officials, including a corrupt payment in the amount of approximately $35,000 from Aviation Corporation A's bank account in Texas in or around December 22, 2010 to Foreign Official 1's bank account in Texas. **PEREZ** knew it was wrong to make the payments, and knew that the purpose of the corrupt payments was to influence the Foreign Officials in their official capacity in order to improperly secure business with The Foreign State Government and instrumentalities of The Foreign State Government. **PEREZ**

communicated with Ramnarine, the Foreign Officials, and others about the bribes, signed checks that were paid to Foreign Official 1, and deposited bribe payments into a bank account controlled by Foreign Official 1 in Texas.

Further, **PEREZ**, Ramnarine, Foreign Official 1, Foreign Official 2, and others took steps to conceal the bribe scheme, including by hiding the amount of the bribe payments in invoices sent to The Foreign State Government and instrumentalities of The Foreign State Government.

From in or around 2007 through in or around April 2015, **PEREZ**, Ramnarine, and others knowingly, willfully, and corruptly conspired and agreed to cause Aviation Corporation A to make bribe payments to the Foreign Officials totaling at least $665,000 in association with the bribery scheme.

## Breach of Plea Agreement

13. If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

## Fines

14. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the

Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.

## Complete Agreement

15. This written Plea Agreement, consisting of 13 pages, including the attached addendum of Defendant and his attorney, constitutes the complete Plea Agreement between the United States, Defendant, and his counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

16. Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at McAllen, Texas, on 11/021, 2016

_____
Defendant

APPROVED:

Kenneth Magidson
United States Attorney

By: _____
JESSE SALAZAR
Assistant United States Attorney
Southern District of Texas
Telephone: 956.992.9424

By: _____
LEONARDO RINCONES Jr.
Attorney for Defendant

Andrew Weissmann
Chief, Fraud Section
Criminal Division
Department of Justice

_____ for
CHRISTOPHER CESTARO
KEVIN R. GINRGAS
Trial Attorneys
United States Department of Justice
Criminal Division, Fraud Section
Telephone: 202.714.0735

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § |
| v. | § CRIMINAL NO. M-16-1164-01 § |
| DANIEL PEREZ | § § § § |
| Defendant. | § |

**PLEA AGREEMENT - ADDENDUM**

I have fully explained to Defendant his rights with respect to the Information. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Agreement is an informed and voluntary one.

_____  _____11/1/16_____
Attorney for Defendant                Date

I have consulted with my attorney and fully understand all my rights with respect to the Information pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u>

which may apply in my case. I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand this Agreement and I voluntarily agree to its terms.

_____  _____11/02/2016_____
Defendant                                                    Date